JOHN R. LIONBERGER, Appellant, *v.* WILLIAM POHLMAN, Respondent.

December 12, 1882.

COMPROMISE — CONTRACT — EVIDENCE. — An indorsement on the back of a note, "Received balance in full deducting $58 in settlement," is not a written contract of compromise, and may be explained by parol evidence.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and remanded.*

JOHN D. DAVIS, for the appellant: Parol evidence is

admissible to explain or contradict the receipt. — 1 Greenl. on Ev., sect. 305, and cases cited ; *Weatherford* v. *Farrar*, 18 Mo. 474. Where the receipt was given by mistake, the mistake may be shown to destroy the effect of the receipt. — *Fuller* v. *Crittenden*, 9 Conn. 406 ; *Boulware* v. *Bank*, 12 Mo. 542. Even if the receipt should be considered a cancellation of the note, the fact that it was marked paid by a mistake would not prevent a recovery on the note when proof of such mistake was clearly made. — *Boulware* v. *Bank*, 12 Mo. 542 ; *Bank of Commerce* v. *Hoeber*, 8 Mo. App. 171.

A. M. GARDNER, for the respondent : An agreement cannot be affected by the mistake of either party of which the other had no other knowledge ; the party who entered into the agreement under such mistake is bound by it and cannot assert his mistake in avoidance of his agreement. — 2 Chitty on Con. (11th Am. ed.) 1022 ; Kerr on Fraud and Mistake, 409. Where there is no question of fraud the mistake must be mutual. — *Mills* v. *Lewis*, 37 How. Pr. 418. The mistake of one party to a contract is not enough to authorize the court to interfere ; there must be a mutual mistake — a mistake of both parties. — *Mills* v. *Lewis*, 55 Barb. 179 : *Botsford* v. *McLean*, 42 Barb. 445 ; *Nevins* v. *Dunlap*, 33 N. Y. 676. It is only when an unfair concealment or fraudulent conduct induces a party to receive a less sum than is actually due him that courts interfere. — *Pepper* v. *Arker*, 2 Bush, 251. A contract cannot be avoided after its execution on the ground of mere mistake. — *Mutual Life Ins. Co.* v. *Hager*, 27 Barb. 354.

LEWIS, P. J., delivered the opinion of the court.

The petition states in effect that the plaintiff, as assignee of the Broadway Savings Bank, was holder of the defendant's note for $5,000, upon which sundry payments had been made, so that on December 30, 1880, there was due a balance of $2,338.50, including the interest ; that in a

settlement by the parties on that day the plaintiff agreed to deduct the sum of $38.50, but by a mistake in his calculation he omitted the interest due for one year, amounting to $500, so that he received from the defendant the sum of $1,800 only, instead of $2,300, and surrendered the note, marked " paid," to the defendant. Judgment is asked for $500, with interest. The answer admits the execution of the note, denies all other material allegations, and sets up a compromise and settlement. At the trial the plaintiff read the note in evidence, with the following indorsement thereon : —

" Received, December 30, 1880, balance in full on this note, deducting $38.50 in settlement.

"JOHN R. LIONBERGER, *Assignee.*"

The plaintiff, as a witness, was questioned by his counsel, as follows : " Please state the amount you received on the note in suit, on the 30th of December, 1880, which you designate in this receipt as ' balance in full on this note, deducting $38.50 in settlement ;' and relate the circumstances under which you allowed the deduction of $38.50 to be made from the amount of the note?" Upon defendant's objection the court excluded the testimony, and the plaintiff thereupon took a non-suit with leave, etc.

This action of the court was clearly erroneous. All the points whereby the defendant attempts to sustain it seem to depend upon a general idea that the receipt given is evidence of a contract of compromise between the parties, which cannot be reformed or modified in an action at law, or upon the ground of a mistake made by one party, without any knowledge or participation on the part of the other. This involves a confusion of elements which have no proper association together.

So far as there is any feature of contract or compromise on the face of the receipt, it is confined to the deduction of $38.50. About this deduction there is no dispute — no attempt to modify or to reform. All else that appears in the paper is a mere receipt given for money paid. It is elemen-

tary, that such a receipt may always be explained or even contradicted by proof of facts which show that it does not truly exhibit the transaction to which it refers, or that it ought not to have been given in the terms expressed. Aside from this, the defendant is no less bound than the plaintiff, by the terms of the receipt. It distinctly appears therein that it was given for the "balance in full" on the note — in other words, for the whole amount actually due at the time, save only the sum of $38.50, deducted. This shows that both parties then understood that the sum paid — whatever that may have been — was in fact the balance due less the deduction mentioned. If, therefore, by reason of a mistake in calculating, the sum paid was less than this, the mistake was shared by both parties; unless the defendant will accept the only possible alternative, that he knew the amount due to be $500 more than his actual payment, but fraudulently concealed the fact, pretending to believe that the plaintiff's estimate was correct. In either aspect the plaintiff was entitled to prove the facts of the transaction, and that he did not receive from defendant the balance due, as expressed in the receipt.

The judgment is reversed and the cause remanded. All the judges concur.